United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOON MOUNTAIN FARMS, LLC,

Plaintiff,

v.

RURAL COMMUNITY INSURANCE COMPANY,

Defendant.

Case No. 14-mc-80099-SC

ORDER GRANTING MOTION TO TRANSFER

**I. INTRODUCTION**

Now pending before the Court are three motions: (1) Plaintiff Moon Mountain Farms, LLC's ("MMF") motion to compel; (2) MMF's motion to transfer; and (3) nonparty Wells Fargo & Company's ("Wells Fargo") motion to disqualify counsel. These motions all relate to a subpoena issued from this District in October 2013 for an action pending before the District of Arizona (Case No. 2:13-cv-00349-DJH). All three motions are fully briefed[1] and suitable for

[1] ECF Nos. 1 ("MMF Mots."), 21 ("Wells Fargo Opp'n"), 30 ("MMF Reply"), 13 ("DQ Mot."), 23 ("DQ Opp'n"), 29 ("DQ Reply").

United States District Court
For the Northern District of California

decision without oral argument per Civil Local Rule 7-1(b). For the reasons set forth below, the Court GRANTS MMF's motion to transfer and TRANSFERS all pending motions to the District of Arizona.

## II. BACKGROUND

These motions arise out of an insurance dispute between MMF and Defendant Rural Community Insurance Company (RCIC). MMF alleges that RCIC erroneously denied an insurance claim that MMF made in 2007. The claim was arbitrated, and the arbitrator found that RCIC was required to indemnify MMF. MMF brought suit in Arizona, alleging that RCIC acted with bad faith in handling the insurance claim and subsequent arbitration. MMF Mots. at 3. It is that lawsuit, currently being heard before the United States District Court for the District of Arizona, to which the subpoena at issue in these motions relates.

In January 2014, Judge Bolton, who was then presiding over the Arizona case,[2] granted MMF's motion to compel discovery of (1) RCIC's post-denial claims file, (2) RCIC's counsel's coverage opinion, and (3) communications between RCIC and its consulting experts. Case No. 2:13-cv-00349-DJH ECF No. 73 ("Production Order"), at 2, 7. The order to compel RCIC's counsel's opinion was premised on a finding that RCIC had impliedly waived attorney-client privilege. Id. at 5. RCIC has disclosed approximately fifteen pages of discovery. MMF Mots. Ex. A ("Axel Decl.") ¶¶ 33, 38, Ex. 12. The parties disagree as to whether RCIC has complied

[2] The case has since been reassigned to Judge Humetewa.

with the order, and MMF argues that Wells Fargo, which is RCIC's parent company, possesses discoverable documents. As a result, MMF issued a subpoena from this District in October 2013. Wells Fargo objected, and MMF now brings this motion to compel.

Wells Fargo has also brought a motion to disqualify counsel for MMF. Wells Fargo argues that lawyers for MMF currently represent certain Wells Fargo subsidiaries, which creates an impermissible conflict of interest. DQ Mot. at 1-2. MMF has requested that the Court transfer the motion to compel, along with the related motion to disqualify counsel, to the District of Arizona for resolution. MMF Mots. at 8; DQ Opp'n at 4. Wells Fargo has also requested judicial notice of a transcript of proceedings before Judge Bolton in the underlying Arizona action. ECF No. 29. MMF has opposed the request. ECF No. 31.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 45, which governs the use of subpoenas, was significantly amended last year. The amendments were adopted in April 2013 but did not take effect until December 1, 2013. The subpoena at issue here was issued in October, prior to the effective date of the amendments. However, the amended version of the Rules applies to proceedings after the effective date in pending cases unless the Supreme Court specifies otherwise, or applying them would be infeasible or work an injustice. Fed. R. Civ. P. 86(a)(2). The amended version of Rule 45 requires that subpoenas be issued from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). If compliance is required elsewhere, the amended rule permits the compliance court to "transfer a motion

United States District Court
For the Northern District of California

under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

The Advisory Committee notes provide some guidance as to when exceptional circumstances may be found:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45 advisory committee's note.

## IV. DISCUSSION

Wells Fargo opposes transfer of the motion to compel to the District of Arizona. Consequently, the Court may only transfer the motions related to this subpoena to the District of Arizona upon a finding of exceptional circumstances.

### A. Application of Rule 45(f)

As an initial matter, it is not obvious that Rule 45(f) applies at all in this case. The rule permits a transfer "[w]hen the court where compliance is required did not issue the subpoena." This Court issued the subpoena, and this Court is also where compliance is sought. Wells Fargo argues that Rule 45(f) does not apply at all in this case, and that the Court therefore may not transfer the case. Wells Fargo Opp'n at 7. However, application

United States District Court
For the Northern District of California

of Rule 45 is complicated by the fact that the subpoena was issued in October, prior to the effective date of the 2013 amendments.

The subpoena was only issued from this Court because the previous version of the Federal Rules required the subpoena to issue from the court for the district where the deposition is to be taken. Because Wells Fargo is headquartered in San Francisco, the subpoena issued from this Court. Under the current rule, however, the subpoena should have issued from the District of Arizona; indeed, Rule 45(a)(2) in its current form would prohibit this Court from issuing the subpoena to which these motions relate.

In a recent case, the United States District Court for the District of Columbia faced precisely this issue. In Wultz v. Bank of China, Ltd., the plaintiffs in a lawsuit pending in the Southern District of New York sought to enforce a subpoena in the District of Columbia. As here, the subpoena was issued prior to the effective date of the 2013 amendments to the Federal Rules of Civil Procedure. In May 2014, the District of Columbia court ruled on a motion to quash the subpoena. That court determined that:

> [S]ince the text of Rule 45(a)(2) now explicitly requires that "[a] subpoena must [be] issue[d] from the court where the action is pending," and because the underlying litigation is not pending in this Court, this Court could not now have issued the subpoena at issue in accordance with Rule 45(a)(2). Thus, since the subpoena explicitly identifies the Southern District of New York as the court where the underlying action is pending, pursuant to amended Rule 45 the Southern District of New York must be considered the issuing court.

Wultz v. Bank of China, Ltd., MC 13-1282 (RBW), 2014 WL 2257296 (D.D.C. May 30, 2014) (citations omitted). As in Wultz, the subpoena at issue here specifies the District of Arizona as the

United States District Court
For the Northern District of California

court where the underlying action is pending. Axel Decl. Ex. 1. The Court finds the reasoning in Wultz compelling and determines that faithful application of the current version of Rule 45 requires the Court to consider the District of Arizona the issuing court. The Court finds that Rule 45(f) applies, and that transfer to the District of Arizona is warranted upon the existence of exceptional circumstances.

**B. Exceptional Circumstances**

The court where compliance with a subpoena is sought has discretion to transfer related motions to the issuing court only upon a finding of exceptional circumstances. Fed. R. Civ. P. 45(f). Such exceptional circumstances include situations in which transfer is "warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion . . . ." Fed. R. Civ. P. 45 advisory committee's note. When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court.

The issues raised in the motion to compel relate to orders and discovery from the underlying Arizona case. Wells Fargo's two primary arguments in opposition to the motion to compel are that (1) the subpoena requires Wells Fargo to produce documents that RCIC has already produced in the Arizona case, Wells Fargo Opp'n at 13-15; and (2) that documents sought in the subpoena are already under in camera review in the District of Arizona or are not subject to Judge Bolton's production order, id. at 15-16. The second argument clearly presents an issue upon which the District

of Arizona has already ruled: determining which documents are subject to Judge Bolton's order involves an existing ruling in the underlying action. Indeed, Wells Fargo seems to acknowledge this fact. In its objection to the subpoena, Wells Fargo stated that MMF's first subpoena request was "an improper attempt to circumvent the authority of the presiding judge over the discoverability of the requested documents, since Request No. 1 is currently the subject of a pending motion to compel in the primary action, in the United States District Court for the District of Arizona . . . ." Axel Decl. Ex. 2. Avoiding such an attempt to circumvent the authority of the presiding judge in the underlying action is surely an exceptional circumstance contemplated by Rule 45. Additionally, the District of Arizona is in a much better position to determine which documents have already been produced, which documents are under <u>in camera</u> review, and which documents are subject to the production order.

This result is indicated by the text of the Advisory Committee's notes to Rule 45. Additionally, the few courts to consider this issue since the amendments took effect have found exceptional circumstances in analogous situations. In <u>FTC v. A± Financial Center</u>, a judge in the Southern District of Ohio granted a motion to transfer a motion to compel to the Southern District of Florida, where the underlying litigation was pending. The court found exceptional circumstances because a similar motion to compel was pending before the Florida court. That similar motion to compel dealt with a subpoena directed at a different party but that sought similar items. <u>F.T.C. v. A± Fin. Ctr., LLC</u>, 1:13-MC-50, 2013 WL 6388539, at *1-3 (S.D. Ohio Dec. 6, 2013). That is also

United States District Court
For the Northern District of California

the issue here: MMF seeks documents from Wells Fargo that it has been unable to obtain from RCIC under an existing production order issued in the District of Arizona. See MMF Mots. at 4-5. Other courts facing similar situations have also found exceptional circumstances. See Cont'l Auto. Sys., U.S., Inc. v. Omron Auto. Elec., Inc., 14 C 3731, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014) (transferring motion because ruling on it risked inconsistent rulings that might disrupt management of the underlying litigation); Chem-Aqua, Inc. v. Nalco Co., 3:14-MC-71-D-BN, 2014 WL 2645999, at *3 (N.D. Tex. June 13, 2014) (finding exceptional circumstances because the court presiding over the underlying litigation had already ruled on issues in motion to compel); Wultz, 2014 WL 2257296, at *7 (finding exceptional circumstances where the judge presiding over the underlying litigation was "in a better position to rule on the . . . motion . . . due to her familiarity with the full scope of the issues involved").

Ruling on the motion to compel would require the Court to duplicate review already conducted by the District of Arizona. It would also risk disrupting the District of Arizona's management of the underlying litigation, because the District of Arizona has already ruled on some of the issues presented in the motion. Moreover, the District of Arizona is in a better position to rule on these motions due its familiarity with the issues involved. The Court finds that exceptional circumstances exist and that transfer is permitted under Rule 45.

### C. Burden on Wells Fargo

The Advisory Committee's notes to Rule 45 make clear that the primary focus in determining whether transfer is appropriate should

United States District Court
For the Northern District of California

be the burden on local nonparties. Thus the Court proceeds to analyze the burden of a transfer on Wells Fargo, the local nonparty involved in these motions. Wells Fargo argues that it would be "unjustifiably burdened" by transfer to the District of Arizona because (1) it would be expensive, and (2) it would deny Wells Fargo the protection of local laws on attorney-client privilege.

The expense argument is unconvincing. "Almost any subpoenaed party could make the same undue burden arguments that [Wells Fargo] makes here." Chem-Aqua, 2014 WL 2645999, at *3. Thus, in situations like this, "the cost of litigation alone does not amount to an unfair prejudice." Wultz, 2014 WL 2257296, at *6.[3] Nor is it clear that litigating this motion in the District of Arizona will cost very much at all. "Transferring a motion to the jurisdiction where the underlying litigation is pending that will require few, if any, modifications of the written submissions, [and therefore] does not rise to the level of unfair prejudice." Id. Additionally, the Advisory Committee encourages judges to "permit telecommunications" to minimize travel costs after a Rule 45(f) transfer. Fed. R. Civ. P. 45 advisory committee's note. The Court finds that any costs to Wells Fargo imposed by a transfer to the District of Arizona are outweighed by the importance of consistent management of the underlying litigation and judicial economy.

[3] Wells Fargo urges the Court to consider Garden City Employees' Retirement Systems v. Psychiatric Solutions for the proposition that the cost of travel "is a sufficient showing to overcome a transfer." Wells Fargo Opp'n at 9. Wells Fargo misreads that case. The Garden City court declined to transfer the motions because exceptional circumstances did not exist. It did not hold that travel costs are sufficient to overcome exceptional circumstances where those circumstances exist. No. MISC.A. 13-238, 2014 WL 272088, at *3 (E.D. Pa. Jan. 24, 2014).

United States District Court
For the Northern District of California

Second, Wells Fargo argues that it will be prejudiced because hearing the motion in the District of Arizona would deny it the protection of California's attorney-client privilege laws. Wells Fargo Opp'n at 10. Wells Fargo implies that Arizona attorney-client privilege laws would apply were the motion to be transferred. Whether that is actually the case is a complex question.[4] However, it hardly matters. Notably absent from Wells Fargo's briefings is any mention whatsoever of the Arizona attorney-client privilege. Wells Fargo emphasizes that California law requires narrow construction of waivers of attorney-client privilege. Wells Fargo Opp'n at 10. However, Wells Fargo fails to argue that Arizona law permits any less narrow construction, likely because the states' laws in this area are virtually identical. California law directs that an "implied waiver is narrowly defined and the information required to be disclosed must fit strictly within the confines of the waiver." Transamerica Title Ins. Co. v. Superior Court, 188 Cal. App. 3d 1047, 1052 (Cal. Ct. App. 1987). Similarly, Arizona courts have held that an implied waiver of attorney-client privilege permits only "the fewest and most

---

[4] Federal Rule of Evidence 501 specifies that state law privileges apply when state law supplies the rule of decision, but "the rule does not specify which state law should be applied." Wolpin v. Philip Morris Inc., 189 F.R.D. 418, 423 (C.D. Cal. 1999). Thus the process of determining which state's privilege law to apply begins with Arizona's choice of law rules. See id. (applying California choice of law rules to determine which state's privilege law applied, where California law supplied the rule of decision). Arizona follows the Restatement (Second) of Conflict of Laws. See, e.g., Swanson v. Image Bank, Inc., 206 Ariz. 264, 266 (Ariz. 2003); Bates v. Superior Court, 156 Ariz. 46, 48 (Ariz. 1988). Whether communications privileged under California law, but not under Arizona law, would be inadmissible in the District of Arizona would then depend upon whether "some special reason" exists not to give effect to the Arizona law. Restatement (Second) of Conflict of Laws § 139.

narrowly-drawn questions as will provide necessary information regarding the specific issue on which waiver has been found." Ulibarri v. Superior Court, 184 Ariz. 382, 385 (Ariz. Ct. App. 1995). It is hard to imagine a scenario in which these laws would conflict; if anything, Arizona law appears to be slightly more protective of the privilege holder than California law. The Court finds that construction of the waiver of attorney-client privilege under Arizona law, if warranted, would not prejudice Wells Fargo.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

**V. CONCLUSION**

As described above, the Court finds that exceptional circumstances exist, permitting transfer of these motions to the District of Arizona. Any burden on Wells Fargo is outweighed by the importance of ensuring consistency in rulings on the issues involved, preserving judicial economy, and permitting the court with the most experience and knowledge of the facts to rule on these matters. Plaintiff Moon Mountain Farms's motion to transfer the motion to compel and the motion to disqualify to the District of Arizona is GRANTED. Wells Fargo's request for judicial notice, ECF No. 29, is DENIED as moot. The Clerk of the Court is DIRECTED to transfer this case to the District of Arizona for consideration of MMF's motion to compel and Wells Fargo's motion to disqualify in the pending matter of Moon Mountain Farms v. Rural Community Insurance Company, No. 2:13-cv-00349-DJH.

IT IS SO ORDERED.

Dated: July 10, 2014

UNITED STATES DISTRICT JUDGE